UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09 CR 145 ERW (DDN) |
| | ) |
| MATTHEW MEES, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

COMES NOW, the United States of America, by and through Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and for its Response in Opposition to Defendant's Motion to Suppress Evidence and Statements, states as follows:

**I.  INTRODUCTION**

The defendant has been indicted on one count of possession of child pornography and one count of possession of obscene visual representations of minors engaged in sexually explicit conduct.  The defendant claims in his suppression motion that police officers told him they would be executing a search warrant at his residence even though they had not yet applied for a search warrant.  Based on the officers' representations, defendant waived his Miranda rights and made statements to the officers.  The officers then used defendant's statements to obtain a search warrant.  Thus, the defendant claims that his statements made to the officers as well as the evidence seized, should be suppressed.

The evidence adduced at the evidentiary hearing will show that the officers obtained a

1

valid search warrant based on evidence from sources other than the defendant.  The evidence will further show that at the time defendant was questioned by officers, the search warrant was applied for and obtained.  The evidence will show that defendant was given his Miranda rights and freely and voluntarily waived those rights.  The evidence will show that a second search warrant was obtained at a later date, based in part upon statements obtained from the defendant.

## II.  FACTS

The government anticipates the evidence that will be established at the evidentiary hearing will establish the following:

On September 12, 2008, A.T. an adult female, talked with Detective Michael McCartney of the St. Louis County Police to report that Matthew Mees, the defendant, was sexually abusing a child.  A.T. told McCartney that in January 2008, she and defendant started to have a relationship.  In March of 2008, defendant and A.T. began to have a sexual relationship.  During their sexual encounters, defendant shared fantasies with A.T. about having sex with a young child.  Defendant showed child pornography to A.T. during their encounters and emailed child pornography to her.  In May of 2008, defendant asked A.T., during a sexual encounter, if he could display a picture of his three-year-old cousin, Mykayla.  Defendant then displayed on his computer a picture of a female child, about two to three years old, in a lascivious display of her genitals.  Defendant would describe to A.T. his sexual relations with Mykayla.  He even showed A.T. a short video claiming that he was the man in the video performing oral sex on Mykayla.

A.T. told McCartney that she and defendant had several conversations concerning child pornography and sexual relations with young female children.  These were oral communications,

as well as communications through emails and text messages.  A.T. told McCartney that on at least ten separate occasions she received images of two different girls under of the age of three years old displaying their genitalia.  These images were sent to her by the defendant through emails.

As a result of receiving the foregoing information and the concern that Mykayla was a real child being abused by defendant, on September 12, 2008, officers conducted surveillance at defendant's residence located at 4229 Ringford, in St. Louis County, Missouri.  One of the officers saw defendant use a key to enter the residence at approximately 6:08 p.m.  While the surveillance was being conducted, another officer requested and received internet subscriber information from Charter Communications which identified Robert Hayes located at 4229 Ringford, the defendant's residence, as the subscriber.  Also, during that time a search warrant was being prepared based, in part, on the information provided by A.T.

At approximately 11:31 p.m. on September 12, 2008, defendant left his residence with two other individuals and entered a vehicle.  At approximately 11:48 p.m., the vehicle was then stopped near the area of Lemay Ferry Road and Forder Road.  The occupants, including defendant, were detained until Detective Matthew Brillos and Sergeant Adam Kavanaugh could arrive at the scene.  When Sergeant Kavanaugh was notified, he left from Clayton, Missouri to travel to defendant's location.

At approximately 11:59 p.m. a search warrant for defendant's residence was signed by a Missouri state judge.

When Sergeant Kavanaugh arrived at defendant's location, he told defendant that police would be executing a search warrant at his residence.  He also informed defendant of his

Miranda rights. Defendant told Sergeant Kavanaugh that he understood his rights and would make a statement. Sergeant Kavanaugh informed defendant that Detective Brillos would be conducting the interview as soon as he arrived at that location.

At approximately 12:53 a.m. on September 13, 2008, Detectives Matthew Brillos and Barbara Lane began interviewing defendant. The interview took place in a police car. Defendant acknowledged that he was read his Miranda rights by Sergeant Kavanaugh, and that he had waived those rights. Defendant then made a statement until he unambiguously invoked his right to counsel, at which time the interview ended.

Defendant was taken to Clayton, Missouri to be booked on charges of possession and distribution of child pornography. As he was walking to the St. Louis County Justice Center to be booked, defendant spontaneously made additional inculpatory statements to Sergeant Kavanaugh.

A search of defendant's residence was conducted and several items were seized pursuant to the search warrant, including defendant's computer which contained the hard drive on which the images at issue in this case were found. On October 22, 2008, a State of Missouri search warrant to search defendant's previously seized iPhone was obtained by Detective McCartney.

### III. LEGAL ANALYSIS

A. Defendant's Recorded Statement was Voluntary

Prior to being questioned by police, the defendant was orally given his Miranda warnings. United States v. Murdock, 491 F.3d 694, 700 (7th Cir. 2007) (An "officer[']s failure to obtain a written waiver . . . does not render his oral waiver or subsequent confession involuntary."). Prior to being questioned by Detective Brillos, defendant admitted that he had

4

received his rights from Sergeant Kavanaugh and had waived those rights.  Defendant does not claim that he was threatened or coerced, only that he was told that a search warrant was going to be executed at his residence prior to the police actually having a search warrant.  In actuality, by the time defendant was questioned, the police did have a search warrant.  Thus, the only possible defense argument must be that by merely telling defendant that a search warrant would be executed at his house, the waiver of his Miranda rights was tainted.

> A waiver of the Fifth Amendment privilege against self-incrimination is valid if the waiver is made voluntarily, knowingly and intelligently.  Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). . . .  "A waiver is voluntary if it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."  United States v. Harper, 466 F.3d 634, 643 (8th Cir. 2006) (internal quotation omitted), cert. denied, 549 U.S. [1273], 127 S.Ct. 1504, 167 L.Ed.2d 242 (2007).  In order to determine whether a confession was voluntary, we look to the "totality of the circumstances and must determine whether the individual's will was overborne."  United States v. Castro-Higuero, 473 F.3d 880, 886 (8th Cir. 2007) (internal quotation omitted).

United States v. Gaddy, 532 F.3d 783, 788 (8th Cir. 2008).

In the instant case, the evidence will show that defendant's rights were read to him and defendant's waiver of his rights was a product of a free and deliberate choice, not intimidation, coercion or deception.  Furthermore, defendant's will was not overborne by the officer mentioning a fact that a search warrant would be executed on defendant's residence.  As further evidence that the waiver of his rights was a product of free and deliberate choice and that defendant's will was not overborne, when the defendant unambiguously invoked his right to counsel[1], questioning of the defendant was terminated.  It was not until sometime later while the

---

[1] Although not raised in defendant's motion, a "'suspect must unambiguously request counsel,' and if he does not 'articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney" the officer is not required to stop questioning the suspect. Dormire v. Wilkinson, 249 F.3d 801, 804-805 (8th Cir. 2001).

defendant was being transported to the St. Louis County Justice Center that defendant made spontaneous statements to the officer.[2]

      B.  <u>The Search Warrants were not the Product of a Suppressible Statement</u>

Defendant also requests the Court to suppress the search warrant claiming that it is based on defendant's suppressible statements.  The facts do not bear out defendant's claim.  The search warrant for defendant's residence was not based on statements made by defendant.  Even if they were, defendant's statements were freely and voluntarily made.

The second search warrant, which affidavit did contain some of defendant's statements, does not appear to be part of defendant's motion.  Nevertheless, in that defendant's statements were freely and voluntarily made, the second search warrant should not be suppressed.

## IV.  CONCLUSION

For all of the foregoing reasons, the defendant's motion to suppress evidence and statements should be denied.

                                                  Respectfully submitted,

                                                  CATHERINE L. HANAWAY
                                                  United States Attorney

                                                 <u>*s/ Robert F. Livergood*</u>
                                                 ROBERT F. LIVERGOOD, 22937
                                                 Assistant United States Attorney
                                                 111 S. 10th Street, Rm. 20.333

---

[2]Although not raised in defendant's motion, this statement should not be suppressed because it was not the product of an interrogation but was spontaneously made by defendant. See <u>United States v. Fleck</u>, 413 F.3d 883 (8th Cir. 2005).  In <u>Fleck</u>, defendant sought to suppress statements made to a federal agent while being transported to federal custody.  <u>Id</u>. at 893.  The court of appeals concurred with the district court's finding that the defendant's "statements were not the product of interrogation, but were volunteered."  <u>Id</u>.

6

St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Felicia Jones
Assistant Federal Public Defender
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101

*s/ Robert F. Livergood*
ROBERT F. LIVERGOOD, 22937
Assistant United States Attorney
