UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09 CR 145 ERW (DDN) |
| | ) |
| MATTHEW MEES, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

COMES NOW, the United States of America, by and through Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and for its Response in Opposition to Defendant's Motion to Dismiss Indictment, states as follows:

### I. INTRODUCTION

The defendant is charged in an Indictment with possession of child pornography (count one) in violation of Title 18, United States Code section 2252A(a)(5)(B) and possession of obscene visual representations of minors engaged in sexually explicit activity (count two) in violation of Title 18, United States Code section 1466A(b)(1). The charges arise from the discovery of image files of child pornography and virtual child pornography on defendant's computer during the course of an investigation by St. Louis County Police detectives. The defendant is moving to dismiss the charge related to virtual images claiming that Title 18, United States Code section 1466A(b)(1) is: (1) vague because the characters depicted in drawings have no age and it is impossible to determine the actual age of any non-existent person; (2) the statute

1

is overbroad, vague and involves actions which the Supreme Court invalidated under <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002); and (3) the creation of virtual images is protected by the First Amendment.

A review of the pleadings and relevant authorities shows that there is no cause to dismiss count two if the Indictment. There is no defect in the indictment itself, nor does the defendant claim there is one. Furthermore, as discussed herein, count two states a federal offense. Thus, the motion should be denied.

## II. LEGAL ANALYSIS

A. <u>Overview of the Statute</u>

Insofar as the defendant's motion to dismiss is largely predicated on alleged defects in the statute under which he is charged, the starting point for assessing his claims begins with consideration of the statute. The pertinent portions of Title 18, section 1466A(b)(1) state:

> Any person who, in a circumstance described in subsection (d), knowingly possesses a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that
>
> (1)(A) depicts a minor engaging in sexually explicit conduct; and
>
> (B) is obscene . . .
>
> or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(2), including the penalties provided for cases involving a prior conviction.

There is no requirement that the minor depicted actually exist. <u>See</u> 18 U.S.C. § 1466(c). By its terms, section 1466A(b)(1) applies to a very narrow category of obscene material, namely material depicting minors engaging in sexually explicit conduct, as that term is statutorily defined. <u>See</u> 18 U.S.C. § 1466A(f)(2). Moreover, a crime charged under section 1466A(b)(1)

must have an interstate nexus or have occurred withing the territorial jurisdiction of the United States. See 18 U.S.C. § 1466A(d).

Section 1466A(b)(1) makes it a crime to knowingly possess a visual depiction of any kind, including a drawing or cartoon, that depicts a minor engaging in sexually explicit conduct; and is obscene, provided the crime has a statutorily-defined federal nexus. Thus, to convict a defendant under this statute, the government must prove the material is obscene under the standards enunciated in Miller v. California, 413 U.S. 15 (1973).

B. Section 1466A(b)(1) is not unconstitutionally vague or overbroad

The Supreme Court has upheld obscenity statutes against arguments of "vagueness" and "overbreadth" since the decision in Miller v. California, 413 U.S. 15 (1973). In the same vein, the Court should not strike 18 U.S.C. § 1466A(b)(1) in this particular matter or as the statute would apply to others because the statute is not overbroad or vague.

1. 18 U.S.C. 1466A is not unconstitutionally vague

The defendant argues that section 1466A(b)(1) is unconstitutionally vague because one must guess at the "age" of a fictitious character. Time and again, courts have rejected arguments that federal statutes prohibiting obscene materials are so inherently vague as to make them unconstitutional. See United States v. Handley, 564 F.Supp.2d 996, 1003-4 (S.D. Iowa 2008) (rejecting defendant's claim that section 1466A is void for vagueness); United States v. Whorley, 386 F.Supp.2d 693, 696-7 (E.D. Va. 2005) (rejecting defendant's claim that section 1466A is void for vagueness) aff'd 550 F.3d 326, 335-337 (4th Cir. 2008); Smith v. United States, 431 U.S. 291, 309 (1977) (rejecting defendant's vagueness challenge to 18 U.S.C. § 1461 prohibiting the emailing of obscene matters because, as construed in Hamling v. United States,

418 U.S. 87 (1974), "the type of conduct covered by the statute can be ascertained with sufficient ease to avoid due process pitfalls."); United States v. Groner, 494 F.2d 499 (5th Cir. 1974) (rejecting defendant's vagueness challenge to 18 U.S.C. § 1462, which prohibited using a common carrier to transport obscene matters in interstate commerce).  To avoid being unconstitutional, statutes must provide clear and adequate notice of activity it prohibits. Handley, 564 F.Supp.2d at 1003 (citations omitted).  However, the "'Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . . .'" Hamling, 418 U.S. at 112 (citing United States v. Petrillo, 332 U.S. 1, 7-8 (1877)).  The fact that there may exist "marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." Id.

The defendant claims that the statute is vague because of the difficulty in determining the age of a visual depiction and because a person could be punished even though he had no idea the possession of the visual depiction was prohibited.  These issues, however, are questions for the trier of fact, as they have always been.  The trier of fact determines whether the image depicts a minor and whether the defendant had the requisite mens rea.  The Supreme Court stated in United States v. Williams, 128 S.Ct. 1830, 1846 (2008):

> But the Eleventh Circuit's error is more fundamental than merely its selection of unproblematic hypotheticals.  Its basic mistake lies in the belief that the mere fact that close cases can be envisioned renders a statute vague.  That is not so.  Close cases can be imagined under virtually any statute.  The problem that it poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 363 (1970).
>
> . . . Whether someone held a belief or had an intent is a true-or-false determination. . . .

4

> To be sure, it may be difficult in some cases to determine whether these clear requirements have been met. "But courts and juries every day pass upon knowledge, belief and intent–the state of men's minds–having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred." American Communications Assn. v. Douds, 339 U.S. 382, 411 (1950) (citing 2 J. Wigmore, Evidence §§ 244, 256 et seq. (3d ed. 1940)).

Williams, 128 S.Ct. at 1846. The jury can certainly determine the nature of the images and defendant's mental state in a section 1466A(b)(1) prosecution.

Further, the term "minor" is not unconstitutionally vague and means a child under eighteen years old. Congress did not define "minor" in section 1466A, but its intent was clear where, in the PROTECT Act (the same act in which 18 U.S.C. section 1466A was enacted), Congress defined "minor" as "an individual who is 17 years old or younger." Where there is no statutory definition or "clear contrary legislative intent," the Court must use the "plain, ordinary and commonly understood meaning" of the term "minor." See Schumacher v. Cargill Meat Solutions Corp., 515 F.3d 867, 871 (8th Cir. 2008). A "minor" is "[a]n infant or person who is under the age of legal competence. . . . In most states, a person is no longer a minor after reaching the age of 18. . . ." Black's Law Dictionary 997 (6th ed. 1990). Rather than being vague, section 1466A is more precise than a general obscenity statute because it limits its scope to images involving minors or what appear to be minors.

2. 18 U.S.C. section 1466A(b)(1) is not overbroad

The defendant's argument that section 1466A(b)(1) is overbroad because it criminalizes the possession of obscene material that does not involve actual children also fails. Pursuant to the overbreadth doctrine, a defendant may bring a facial challenge to argue that a statute, even though constitutionally applicable to the defendant and others, restricts a substantial amount of

5

protected speech. See New York State Club Ass'n v. New York City, 487 U.S. 1, 11 (1988); Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973). However, because of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may constitutionally be punished, the overbreadth doctrine is "strong medicine," employed with hesitation and only as a last resort. See Los Angeles Police Dept. v. United Reporting Publ. Corp., 528 U.S. 32, 39 (1999). As such, the overbreadth doctrine should not be used when a "limiting construction has been or could be placed on the challenged statute." Broadrick, 413 U.S. at 613. Consequently, such challenges are discouraged. Sabri v. United States, 541 U.S. 600, 609 (2004).

Defendant's overbreadth concerns appear to be confusing the law of child pornography with the law of obscenity. Defendant claims that section 1466A(b)(1) involves actions that the Supreme Court invalidated under Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). The law at issue in Ashcroft was not an obscenity law; it was a law attempting to prohibit child pornography. Ashcroft, 535 U.S. at 245-6. The court wrote, "We consider in this case whether the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2251 et seq., abridges the freedom of speech." Id. at 239. "As a general rule, pornography can be banned only if obscene, but under [New York v.] Ferber[, 458 U.S. 747 (1982)], pornography showing minors can be proscribed whether or not the images are obscene under the definition set forth in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973)." Id. "The principal question to be resolved, then, is whether the CPPA is constitutional where it proscribes a significant universe of speech that is neither obscene under Miller nor child pornography under Ferber." Id. Thus, in that section 1466A prohibits obscenity, defendant's reliance on Ashcroft is misplaced.

6

Statutes that proscribe conduct only with respect to material that is obscene under the Miller test are not overbroad.  Paris Adult Theater I v. Slaton, 413 U.S. 49 (1973); Hamling v. United States, 418 U.S. 87 (1974).  Section 1466A(b)(1) prohibits "obscenity" as defined in Miller v. California.  To be "obscene" under this section, the jury must decide whether, taken as a whole, the material appeals to the prurient interest, is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value.  Miller, 413 U.S. at 24-25.  Thus, 18 U.S.C. section 1466A(b)(1), which proscribes "obscene" material under the standard enunciated by the Supreme Court in 1973, is not overbroad and, therefore, is constitutional.  See Handley, 564 F.Supp.2d at 1005 (finding sections 1466A(a)(1) and (b)(1) are not overbroad).

       3. The creation of obscene virtual images is not protected by the First Amendment

Defendant also claims that the creation of virtual images is protected by the First Amendment.  The Supreme Court, however, has "long held that obscene speech–sexually explicit material that violates fundamental notions of decency–is not protected by the First Amendment."  United States v. Williams, 128 S.Ct. 1830, 1835-6 (2008); see also Flynt v. Ohio, 451 U.S. 619, 622 (1981); Miller v. Ohio, 413 U.S. 15, 23 (1973); Roth v. United States, 354 U.S. 476, 492-93 (1957).  The very limited right to possess obscene materials in the privacy of his own home that is recognized in Stanley v. Georgia, 394 U.S. 557 (1969), depended not on First Amendment grounds, but on the right to privacy found in the Fourth Amendment.  United States v. 12 200-Foot Reels of Super 8mm Film, 413 U.S. 123, 126 (1973).

Stanley did not create a constitutional right to possess obscene material connected to interstate commerce, the crime with which defendant has been charged.  See United States v.

7

Handley, 564 F.Supp.2d 996, 1001 (S.D. Iowa 2008) ("Thus, while an individual has a limited right to posses obscene materials in the privacy of his own home, there exists no right to receive or possess obscene materials that have been moved in interstate commerce, and that is the illegal conduct with which the Defendant is charged."). The conduct at issue in this case is not the mere possession of obscenity in the privacy of one's own home. Instead, the defendant is charged with the possession of obscene images that were produced using materials that traveled in interstate commerce.

### III. CONCLUSION

The materials at issue in this case are properly charged under a statute that constitutionally criminalizes obscene materials. Wherefore, the United States respectfully requests that the defendant's motion to dismiss be denied.

Respectfully submitted,

CATHERINE L. HANAWAY
United States Attorney


 s/ Robert F. Livergood
ROBERT F. LIVERGOOD, 22937
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Felicia Jones

Assistant Federal Public Defender
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101.

                                        *s/ Robert F. Livergood*
                                        ROBERT F. LIVERGOOD, 22937
                                        Assistant United States Attorney