UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09 CR 145 ERW (DDN) |
| | ) |
| MATTHEW MEES, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE UNITED STATES MAGISTRATE'S REPORT AND RECOMMENDATION**

COMES NOW, the United States of America, by and through Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and states as follows:

**I. INTRODUCTION**

The defendant is charged in an Indictment with possession of child pornography (count one) in violation of Title 18, United States Code, section 2252A(a)(5)(B) and possession of obscene visual representations of minors engaged in sexually explicit activity (count two) in violation of Title 18, United States Code, section 1466A(b)(1). The charges arise from the discovery of image files of child pornography and virtual child pornography on defendant's computer during the course of an investigation by St. Louis County Police detectives. Motion hearings were held in this matter and after the parties submitted additional briefs, the Magistrate filed his "Report and Recommendation of United States Magistrate Judge" (hereinafter, "RR").

The Government filed its objection to the Magistrate's Report and Recommendation. ("Government's Objections to the United States Magistrate's Report and Recommendation

1

Regarding Defendant's Motion to Suppress Statements," Doc. 34, hereinafter "Gov.Obj."). Defendant has also filed his objections to the Magistrate's Report and Recommendation claiming that (1) the Magistrate should have recommended that Count II be dismissed because (a) it would be impossible for a jury to determine the exact age of a fictionalized character, (b) an individual may possess obscene materials in the privacy of their own homes (c) the statute is unconstitutional because of a lack of jurisdiction; (2) the Magistrate should have recommended that the search warrant of defendant's residence lacked probable cause; (3) the Magistrate should have recommended that all of defendant's recorded statements be suppressed; (4) the Magistrate should have recommended that the search warrant for data on defendant's cell phone lacked probable cause; and (5) the Magistrate should have recommended that defendant's statements made after his audio recorded statements be suppressed. ("Defendant's Objection to United States Magistrate's Report and Recommendation," Doc. 35, hereinafter "Def.Obj.").

The Government incorporates herein the arguments it made in the prior filings.

## II. LEGAL ANALYSIS

1.  The Magistrate correctly found that Count II should not be dismissed.

    a. Age of depicted minor

Defendant argues, essentially, that 18 U.S.C. § 1466A(b)(1) is unconstitutionally vague because it would be impossible for a jury to determine the age of a fictionalized character. Time and again, courts have rejected arguments that federal statutes prohibiting obscene materials are so inherently vague as to make them unconstitutional. See United States v. Handley, 564 F.Supp.2d 996, 1003-4 (S.D. Iowa 2008) (rejecting defendant's claim that section 1466A is void for vagueness); United States v. Whorley, 386 F.Supp.2d 693, 696-7 (E.D. Va.

2005) (rejecting defendant's claim that section 1466A is void for vagueness) aff'd 550 F.3d 326, 335-337 (4th Cir. 2008); Smith v. United States, 431 U.S. 291, 309 (1977) (rejecting defendant's vagueness challenge to 18 U.S.C. § 1461 prohibiting the emailing of obscene matters because, as construed in Hamling v. United States, 418 U.S. 87 (1974), "the type of conduct covered by the statute can be ascertained with sufficient ease to avoid due process pitfalls."); United States v. Groner, 494 F.2d 499 (5th Cir. 1974) (rejecting defendant's vagueness challenge to 18 U.S.C. § 1462, which prohibited using a common carrier to transport obscene matters in interstate commerce). To avoid being unconstitutional, statutes must provide clear and adequate notice of activity it prohibits. Handley, 564 F.Supp.2d at 1003 (citations omitted). However, the "'Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . . .'" Hamling, 418 U.S. at 112 (citing United States v. Petrillo, 332 U.S. 1, 7-8 (1877)). The fact that there may exist "marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." Id.

The Magistrate likewise found that "[a] statute is not vague just because it may sometimes be difficult to determine whether the incriminating fact (the age of a minor depicted . . .) has been proved. Instead, a statute is only vague when it is difficult to determine what the incriminating fact itself is." RR at 6. The Magistrate went on to find that Section 1466A(b)(1) did not rest on subjective judgments and its language provided sufficiently definite warning as to the prohibited conduct. RR at 7. Thus, the Magistrate correctly found that the statute was not unconstitutionally vague and this Court should accept the Magistrate's

recommendation as to this point.

      b.  Possessing Obscene Material

Defendant summarily states that an individual is entitled to possess obscene materials in the privacy of their own home.[1] However, the Supreme Court has "long held that obscene speech–sexually explicit material that violates fundamental notions of decency–is not protected by the First Amendment." United States v. Williams, 128 S.Ct. 1830, 1835-6 (2008); see also Flynt v. Ohio, 451 U.S. 619, 622 (1981); Miller v. California, 413 U.S. 15, 23 (1973); Roth v. United States, 354 U.S. 476, 492-93 (1957). The very limited right to possess obscene materials in the privacy of his own home that is recognized in Stanley v. Georgia, 394 U.S. 557 (1969), depended not on First Amendment grounds, but on the right to privacy found in the Fourth Amendment. United States v. 12 200-Foot Reels of Super 8mm Film, 413 U.S. 123, 126 (1973).

Stanley did not create a constitutional right to possess obscene material connected to interstate commerce, the crime with which defendant has been charged. See United States v. Handley, 564 F.Supp.2d 996, 1001 (S.D. Iowa 2008) ("Thus, while an individual has a limited right to posses obscene materials in the privacy of his own home, there exists no right to receive or possess obscene materials that have been moved in interstate commerce, and that is the illegal conduct with which the Defendant is charged."). The conduct at issue in this case is not the mere possession of obscenity in the privacy of one's own home. Instead, the defendant is charged with the possession of obscene images that were produced using materials that traveled in interstate commerce. Thus, the Court should deny defendant's motion to dismiss the indictment.

---

[1] This argument was not raised directly in defendant's motion to dismiss the indictment.

c. Lack of Jurisdiction

Defendant claims that the statute should be dismissed as unconstitutional because of the lack of jurisdiction.[2] The defendant is charged with the illegal possession of obscene materials that have been produced using materials that traveled in interstate commerce in Count II, and not the mere possession of obscene materials. Congress has the power to regulate interstate commerce as it relates to obscene material. Cf. United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008) (The court held, with regards to production, receipt, and possession of child pornography, that the transportation in interstate commerce of a camera used in the manufacture of child pornography constitutes an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers); United States v. Hampton, 260 F.3d 832, 834-35 (8th Cir. 2001) (The court held that the possession of video tapes that were manufactured outside the state of Missouri that were used in the production and possession of child pornography, was sufficient to show an effect on interstate commerce); and United States v. Bausch, 140 F.3d 739 (8th Cir. 1998).

In Bausch, the defendant was convicted of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (1994) because he took and possessed pictures of minor females "depicting 'the girls in nude poses including exposed genitals, sexually suggestive scenes, and scenes simulating oral sex'" using a camera made in Japan. Bausch, 140 F.3d at 740. The pictures did not travel in interstate commerce and were not intended to be placed in commerce. Id. at 740-741. Bausch asserted that "Congress exceeded its authority to regulate commerce among the States when it enacted § 2252(a)(4)(B), making intrastate possession of child

---

[2]Defendant raises this issue for the first time here.

5

pornography a federal crime." Id. at 740.

> Section 2252(a)(4)(b) prohibits the knowing possession of three or more "books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction [of minors engaged in sexually explicit conduct] . . . that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported. . . ."

Id. at 741.  The court concluded the statute contained an express jurisdictional element and therefore was within Congress's commerce power and was not unconstitutional.  Id.

In the instant case the government contends that defendant violated 18 U.S.C. § 1466A(b)(1) by obtaining obscene images that depict what appears to be minors and possessing those images on a hard drive that was manufactured outside the state of Missouri and therefore traveled in interstate or foreign commerce.

Similar to the language of section 2252(a)(4)(B), section 1466A(b)(1) in conjunction with section 1466A(d)(4), requires that "any visual depiction involved in the offense has been mailed, or has been shipped or transported in interstate or foreign commerce by any means, including computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including computer. . . ." Thus, just as with section 2252(a)(4)(B), section 1466A(b)(1) contains an express jurisdictional element and therefore is within Congress's commerce power and is not unconstitutional.

For the above stated reasons, the Court should deny defendant's motion to dismiss the indictment.

2. <u>The Magistrate correctly recommended that the search warrant for defendant's residence was supported by probable cause</u>.

Here defendant argues that the Magistrate erred because the affidavit was not founded on probable cause because the police did not corroborate a statement made by the defendant's ex-

girlfriend, A.T., whose statements were contained in the police report, and the police did not corroborate that the images of child pornography existed before obtaining the search warrant. "A search warrant is valid under the Fourth Amendment if it is supported by probable cause. Probable cause exists when a 'practical, common-sense' inquiry that considers the totality of circumstances set forth in the information before the issuing judge yields a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Stevens, 530 F.3d 714 (8th Cir. 2008).

In the instant case, there was a strong basis for knowledge because A.T. was defendant's former girlfriend. Government Exhibit 1B[3] at ¶¶ 3-4. A.T. provided in-person statements to the affiant officer. Id. at ¶ 3. A.T. provided first person, eyewitness accounts of criminal activity and contraband at defendant's residence. Id. at ¶¶ 4-10. Furthermore, there was corroboration by the officers. Defendant was observed by officers to enter the residence at 4229 Ringford, the same address described by A.T. Id. at ¶¶ 6, 12. A.T. said that she received email images from defendant's of three-year-old girls displaying their genitalia. The subscriber information used to access the email account identified the subscriber as Robert Hayes at 4229 Ringford Drive, the same address as defendant's address. Id. at ¶ 13. Defendant's criminal history and activity were similar to the allegations made by A.T. in that A.T. claimed that defendant told her he was having sexual relations with underage children and he had been convicted Child Molestation in the First Degree. Id. at ¶ 11.

The Magistrate correctly found that when reviewing the validity of the issuance of a search warrant by another court, the reviewing court determines "whether the supporting

---

[3]This exhibit was used during the motion hearing and was submitted to the Magistrate.

materials gave the issuing judge a substantial basis for concluding probable cause existed for the issuance of the warrant." RR at 15 (citations omitted). The Magistrate determined that "the affidavit provided the issuing judge a substantial basis for finding probable cause and issuing the warrant. . . ." RR at 15.

Thus, this Court should adopt the Magistrate's recommendations denying defendant's motion to suppress the search warrant.

3.   The Magistrate should not have suppressed any of the defendant's statements.

Defendant made statements to the police including an audio recorded statement. During the course of the audio taped statement, defendant made reference to an attorney. The Magistrate concluded that defendant's first two references to an attorney, were not clear invocations to his right to counsel. RR at 20. The Magistrate found, however, defendant's third reference to an attorney was a clear invocation of his right to counsel.[4] RR at 22. Defendant argues that he invoked his right to counsel before any statements were made. Def.Obj. at 4.

The Magistrate determined that Sgt. Kavanaugh advised defendant of his Miranda rights. RR at 8. Defendant then waived those rights and agreed to speak with officers. RR at 8, 17. Likewise, when the audio recording began, the Magistrate determined that defendant "affirmed that the other detective "had already advised him of his constitutional rights 'per Miranda' and that he understood them and agreed to talk with police." RR at 9, 17. Thus, the Magistrate found that defendant had been given his rights, knowingly and voluntarily waived those rights, and agreed to talk with police.

---

[4]It is the Government's position that defendant did not clearly invoke his right to counsel during his third reference to an attorney and the Government objects to this finding by the Magistrate. See Gov.Obj.

8

Likewise, defendant did not invoke his right of counsel until the end of the recorded interview. For this argument, the Government will rely on its brief, previously filed with this Court. See Gov.Obj., Doc. 34.

Defendant complains that he did not sign a waiver form. However, an "officer[']s failure to obtain a written waiver . . . does not render his oral waiver or subsequent confession involuntary." United States v. Murdock, 491 F.3d 694, 700 (7th Cir. 2007). Defendant also complains that he was not re-advised of his rights during the audio recording of his statement. Nevertheless, the Magistrate found that during the audio recorded statement, defendant affirmed that he had been given his constitutional rights per Miranda and that he understood them and agreed to talk with police. RR at 9.

Thus, this Court should find all of defendant's statements admissible.

4. The Magistrate correctly recommended that the search warrant for defendant's cell phone was supported by probable cause.

Defendant makes a summary statement that the search warrant for the cell phone lacked probable cause. Def.Obj. at 4. The defendant does not challenge the seizure of the cell phone but the search warrant for the data on the cell phone. The affidavit contained the same information as the affidavit for defendant's residence, supra, as well as information about defendant's statement to the probation officer about the presence of child pornography on his cell phone. RR at 16. The Magistrate correctly found that "the affidavit provided a substantial basis for the finding of probable cause and the issuance of the warrant authorizing the search for data recorded on [defendant's] cell phone." RR at 16. Accordingly, this Court should adopt the Magistrate's finding with respect to the cell phone.

5. The Magistrate correctly recommended that the defendant's spontaneous statements

should not be suppressed.

Defendant argues that the Magistrate erred in his finding that the statements made by defendant while in custody and being escorted by police should not be suppressed. The Magistrate correctly found that defendant's statements were voluntary and were not in response to police questioning. RR at 24. Thus, the Magistrate correctly concluded, because these statements were spontaneous and not in response to police questioning, they were admissible. See United States v. Fleck, 413 F.3d 883, 893 (8th Cir. 2005) (Defendant sought to suppress statements made to a federal agent while being transported to federal custody. The Court of Appeals concurred with the district court's finding that the defendant's "statements were not the product of interrogation, but were volunteered.").

For the foregoing reasons, the Court should not suppress the statements made by defendant while he was being escorted for booking.

### III. CONCLUSION

For all these reasons, the Court should adopt the Magistrate's findings with respect to the defendant's motion to dismiss the indictment and motion to suppress evidence. With respect to the Magistrate's findings concerning defendant's statements, this Court should deny defendant's motion to suppress statements in its entirety.

    Respectfully submitted,

    MICHAEL W. REAP
    Acting United States Attorney


    *s/ Robert F. Livergood*
    ROBERT F. LIVERGOOD, #22937

             Assistant United States Attorney
             111 S. 10th Street, Rm. 20.333
             St. Louis, Missouri 63102
             (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Felicia Jones
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101

             *s/ Robert F. Livergood*
             ROBERT F. LIVERGOOD, #22937
             Assistant United States Attorney